IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ONESTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 1835 |
| | ) |
| KANE COUNTY IL and | ) |
| THE STATE OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

David Onesto ("Onesto") has just tendered a self-prepared
Complaint against The County of Kane ("County") and the State of
Illinois, accompanying the Complaint with two filled-out forms
obtained from the Clerk's Office: an In Forma Pauperis
Application ("Application") and a Motion for Appointment of
Counsel ("Motion"). For the reasons briefly stated in this
memorandum opinion and order, the Application is denied, this
action is dismissed for lack of subject matter jurisdiction and
the Motion is accordingly denied as moot.

It should first be said that even though Onesto could
qualify for in forma pauperis status in purely financial terms,
granting such status is also conditioned on the presentation of a
claim that is nonfrivolous in the legal sense defined by Neitzke
v. Williams, 490 U.S. 319, 325 (1989). It is on that reef that
Onesto founders.

To begin with, sovereign immunity unquestionably bars
Onesto's effort to sue the State of Illinois. That has been the

consistent teaching of the Supreme Court ever since <u>Hans v. Louisiana</u>, 134 U.S. 1 (1890).

As for the County, the gravamen of Onesto's lawsuit stems from his asserted mistreatment in Case No. 04-TR 79543 in the Circuit Court of Kane County, in which he was found guilty of speeding and subjected to a fine. Only yesterday a unanimous United States Supreme Court reconfirmed, in <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 2005 WL 711586 (U.S. Mar. 30), the <u>Rooker</u>-<u>Feldman</u> doctrine (named after the earlier decisions in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983)), under which lower federal courts such as this one have no jurisdiction to review or overturn allegedly injurious state court judgments.

If Onesto's rights have been violated as he claims, appellate review in the state court system may perhaps be available to him (a subject on which this Court expresses no view). But he plainly has no federal remedy against either the County or the State of Illinois. Accordingly this Court enters the order identified in the first paragraph of this opinion.

Milton I. Shadur
Senior United States District Judge

Date:  March 31, 2005

2